## Cleres v. The General Hospital

*Russell L. Mervine*, for plaintiff.

*Robinson & Hoffner*, for defendant.

DAVIS, P. J., April 19, 1961.—This matter comes befor the court on motion of The General Hospital, one of defendants, for judgment on the pleadings. Plain-

tiff filed her complaint and defendant, The General Hospital, filed its answer and new matter. Under new matter, defendant raised the defense that it is a purely public charity. Plaintiff filed a pleading entitled "Answer to New Matter" denying that defendant is a purely public charity. The motion for judgment on the pleadings is based on the insufficiency of the denial that the General Hospital is a purely public charity.

At the argument, plaintiff took the position that under rule 1045 (a) of the Pennsylvania Rules of Civil Procedure the averment that defendant was a purely public charity was deemed to be denied and no answer was required.

We might raise the question, did not plaintiff, by filing an answer to the new matter, waive the benefit accruing to her under rule 1045 (a) and consequently, she is bound by her answer. We do not believe this would be a meritorious contention, particularly in view of the uncertainty of the law in this jurisdiction in regard to this particular matter. If an answer (we think reply would be better terminology) was not required except to matters relating to identity, agency and ownership, plaintiff was attempting to do that which the law had already done for her. Reason and justice indicate that the denial should be treated as surplusage. We do not believe this reasoning would apply to admission made in the answer or reply.

Neither the text writers nor the courts are in agreement on this question. Goodrich-Amram Civil Practice holds that a reply is required to all affirmative defenses set up in the new matter: Goodrich-Am. §1045 (b)-2, vol. 1, page 291, 1960 Suppl., page 112. 2A Anderson Pa. Civ. Pract. 663, holds that a reply is not necessary in the following language:

"The same principles applicable to a defendant failing to file an answer are applicable to the plaintiff fail-

ing to file a reply to new matter in the defendant's answer. That is, the plaintiff is only required to file a reply in order to deny the three categories of averments which a defendant admits by failing to file an answer."

We have read many of the cases relating to each side of this controversy, all of which are cited in Goodrich-Amram Civil Practice with pertinent comment, and we are forced to agree with Judge Henninger in Grazer v. Newman, No. 2, 72 D. & C. 48, 52, when he said:

"We agree with Goodrich-Amram that a plaintiff should be compelled to answer the facts in a pleading in trespass setting up an affirmative defense, but it is clear that no rule of civil procedure now requires it. We recognize that this disposition of the rule either leaves the parties in a stalemate or invites plaintiff into what promises to be a futile trial, but that cannot be helped. The remedy lies with the Procedural Rules Committee and not with the court."

We see no advantage in attempting to restate the principles and arguments which have been so well and ably set forth by a number of lower court judges, and, therefore, will rest our decision on that line of cases which hold that the failure to reply to an answer endorsed with a notice to plead in trespass actions admits no allegations pled as new matter in the answer except those relating to identity, agency and ownership or control; particularly Grazer v. Newman, No. 2, supra, and Hollopeter v. Wassil, 22 D. & C. 2d 199.

Having determined that a reply was not required, it is not necessary to determine the adequacy of the denial made in the reply.

### Order

And now, April 19, 1961, the motion of The General Hospital, one of defendants, for judgment on the pleadings is denied.